SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
NATALIA KUROVSKAYA and RUSLAN DOMNICH,   INDEX NO.:  150480/2016
individually and on behalf of other persons similarly situated,
                                 PlaintiffS,

      - against -   **NOTICE OF REMOVAL**

PROJECT O.H.R (OFFICE FOR HOMECARE
REFERRAL), INC.,

                                 Defendant.

------------------------------------------------------------------------x

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE THAT defendant Project O.H.R., Inc. ("Project OHR"), by and through its counsel, Peckar & Abramson, P.C., desiring to remove this civil action from the New York State Supreme Court, New York County, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 hereby submit this Notice of Removal and alleges as follows:

    1.     On March 28, 2016, Plaintiffs, individually and purportedly on behalf of all others similarly situated, commenced this class action by filing an Amended Complaint in the New York State Supreme Court, New York County.  A copy of Plaintiffs' Amended Complaint is attached hereto as **Exhibit A**.

    2.     The Amended Complaint purports to assert various class-wide causes of action based upon Plaintiffs' former employment with Project OHR, including failure to pay minimum wages and failure to pay overtime wages.  The relief Plaintiffs seek on behalf of themselves and the putative class includes, *inter alia*, unpaid wages, statutory attorney's fees, interests and costs.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

3. The Notice of Removal is timely as it is filed within thirty days after receipt by Defendant of a copy of an amended pleading from which it has become ascertainable that this matter is one which is removable pursuant to 28 U.S.C. § 1446(b).

4. Defendant removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified as 28 U.S.C. § 1332(d), and 28 U.S.C. § 1441(a). As set forth below, this Court has original jurisdiction under 28 U.S.C. § 1332(d), because: (1) the matter in controversy exceeds $5,000,000, exclusive of interest and costs; (2) minimal diversity exists; and (3) the number of putative class members exceeds 100.

**A.** *Amount in Controversy*

5. The alleged amount in controversy in this putative class action exceeds, in the aggregate, $5,000,000, exclusive of interests and costs. While Defendant denies Plaintiffs' claims in their entirety and assert that Plaintiffs' claims are dismissible as a matter of law and are not amenable to class treatment, Defendant has nevertheless analyzed potential damages in order to demonstrate a sufficient "amount in controversy" to warrant removal under 28 U.S.C. § 1332(d).

6. Since Plaintiffs' Amended Complaint is inconclusive in determining the amount in controversy, the Court may consider documents outside of the pleadings, including the notice of removal and supporting documents appended thereto. *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2nd Cir. 1957); *see also Henry v. Warner Music Group Corp.*, 13-CV-5031, 2014 WL 1224575 at *3 (S.D.N.Y. Mar. 24, 2014). In *Henry*, this Court accepted evidence in the form of declarations appended to defendants' Notice of Removal to demonstrate that the jurisdictional amount set forth in CAFA was satisfied. *Id.*

7. Here, Plaintiffs allege that they generally worked over 40 hours per week without being paid overtime at one and one half times the basic minimum hourly rate. (Amended Complaint ¶¶ 21, 23, and 36).

8. Plaintiff Natalya Kurovskaya alleges that she worked at Project OHR as a home attendant from approximately 2000 to May 2015, worked approximately 48 to 54 hours per week, and from 2009 through July 2014, was paid approximately $10.00 per hour during the weekdays and $11.00 per hour on the weekends, regardless of how many hours she worked. (Amended Complaint ¶¶ 16, 21, and 22).

9. The Amended Complaint added Plaintiff Ruslan Domnich, who alleges that he worked 24-hour shifts while employed by Project OHR as a home attendant from approximately 2008 through May 2013, and was only paid for 13 hours of the 24-hour shift at a rate of $10.00 per hour. (Amended Complaint ¶¶ 17, 29).  Plaintiff Domnich alleges that he worked approximately 96 to 144 hours per week.  (Amended Complaint ¶ 23).

10. Plaintiffs' further allege that the putative class, like the Plaintiffs, worked more than 40 hours per week but were not paid for every hour that they worked.  (Amended Complaint ¶ 33).  The Amended Complaint adds that the putative class, like Plaintiff Domnich, were only paid for 13 hours of their 24-hour shifts. (Amended Complaint ¶ 34).

11. Defendant's records show that more than 1,600 home health care attendants worked at Project OHR in the State of New York during the proposed six-year class period. (Blau Decl., ¶ 4). During the proposed six-year class period, over 225,000 24-hour shifts were completed by home health attendants that make up the putative class. (Blau Decl., ¶ 5).

12. Assuming that 11 hours of wages of each of the 225,000 24-hour shifts are allegedly due to the putative class at a rate of one and one half times the basic minimum hourly rate of $10.00, the wages allegedly due would exceed $37,000,000.  This amount is

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

RIVEREDGE-#446159v1-

3

exclusive not only of the minimum wage and spread of hours premiums the Amended Complaint alleges are due, but it is also exclusive of attorney's fees, which are properly included in the calculation of the amount in controversy when the governing statute, here, New York Labor Law, allows for an award of attorney's fees. *See Henry*, 2014 WL 1224575 at *3; *see also* N.Y. Labor Law § 198.

13. As the calculations above demonstrate, the $5,000,000 amount-in-controversy requirement for removal under 28 U.S.C. § 1332(d) is more than satisfied, even without addressing all of the claims in the Amended Complaint, and an award of attorney's fees.

**B.**   *Diversity of Citizenship*

14. CAFA requires only "minimal diversity" of the parties, i.e., where at least one member of a class of plaintiffs and one defendant are citizens of different states. 28 U.S.C. § 1332(d)(2)(A).

15. A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Defendant is incorporated under the laws of New York, and has a principal place of business in the State of New York. (Blau Decl., ¶ 3). Accordingly, Defendant is a citizen of the state of New York.

16. The Amended Complaint only alleges that the named Plaintiffs are "currently residing" in the State of New York, but makes no allegations with respect to the named Plaintiffs' citizenship. (Amended Complaint ¶ 5). Additionally, the Amended Complaint does not limit the purported class to New York citizens, but instead is brought on behalf of "each and every person employed by Defendant." (Amended Complaint ¶ 9).

17. In *Abdale v. N. Shore-Long Is. Jewish Health Sys., Inc.*, 13-CV 1238, 2014 WL 2945741 at *6-7 (E.D.N.Y. June 30, 2014), the Court found minimal diversity on the

4

face of the complaint when the plaintiffs did not allege any citizenship and merely alleged that they were residents of New York, "[g]iven the size of the proposed class and the fact that it is not limited to New York citizens."  The Court held that the defendant met their burden of showing that there is a "reasonable probability that at least one class member is not a citizen of New York and thus is a citizen of a State different from ... defendant." *Id*. at *6 (citations omitted); *see also Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 59 (2nd Cir. 2006) (holding that defendant met its burden of showing a reasonable probability that at least one of the class members was a citizen of a state different than defendant when the complaint made no declaration as to citizenship and the proposed class was in the thousands).

18.     As Plaintiffs' Amended Complaint makes no allegations with respect to the named Plaintiffs' citizenship, does not limit the putative class to New York citizens, and, given that the putative class members could exceed 1,600 home attendants, Defendant Project OHR has met its burden of showing a reasonable probability that at least one of the putative class members is a citizen of a state different than New York.  Accordingly, Defendant has established the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) as a matter of law.

**C.**     *Class Size*

19.     CAFA requires that there be at least 100 members in the proposed class. *See* 28 U.S.C. § 1332(d)(5)(B).

20.     The Amended Complaint alleges that the size of the putative class is "believed to be in excess of 100 individuals." (Amended Complaint ¶ 10).  Thus, relying solely on the Amended Complaint, and ignoring the size of the putative class demonstrated by the declaration of Nathan Blau, which is believed to exceed 1,600, the class size requirement of CAFA has been met and surpassed.

WHEREFORE, having established the three CAFA prerequisites for removal, Defendant Project OHR respectfully request that the above action now pending against them in the Supreme Court of the State of New York, New York County, be removed therefrom to this Court.

                                                          PECKAR & ABRAMSON, P.C.
                                                          Attorneys for Defendant,

Dated: April 22, 2016                        By:   */s/ KEVIN O'CONNOR*
                                                                             Kevin J. O'Connor, Esq.
                                                                             41 Madison Avenue
                                                                             20th Floor
                                                                             New York, NY  10010
                                                                             (212) 382-0909

LAW OFFICES
Peckar & Abramson
A Professional Corporation

RIVEREDGE-#446159v1-

6